**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,         )
                                     )
     v.                         )        ID No. 1011015425
                                     )
ANDRE N. GRINNAGE,       )
                                     )
    Defendant.             )

Date Submitted: September 15, 2022
Date Decided: November 22, 2022

## ORDER

Upon consideration of Defendant's *Pro Se* Motion for Correction of an Illegal Sentence ("Rule 35(a) Motion"), Superior Court Criminal Rule 35(a), statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)    Defendant pled guilty to two counts of Burglary Second Degree pursuant to a Plea Agreement on July 25, 2011.[1] The Plea Agreement accepted and signed by the Defendant states that the State intended to move for Defendant to be declared a habitual offender under 11 *Del. C.* § 4214(a) on one of the Burglary Second Degree charges.[2] On both the Plea Agreement and the Truth-in-Sentencing Guilty Plea Form, and during the Plea Colloquy, Defendant acknowledged that he was subject to a mandatory minimum sentence of eight years for that charge, and

---

[1] D.I. 25.
[2] *Id.*

subject to a total mandatory minimum sentence of eleven years for the two offenses.[3] On the Truth-in-Sentencing Guilty Plea Form, Defendant acknowledged that, by not going to trial, he was waiving his constitutional rights, including the right to appeal to the Delaware Supreme Court with the assistance of a lawyer if convicted.[4]

(2) Prior to sentencing, the State filed a Motion to Declare Andre Grinnage a Habitual Offender.[5] On October 21, 2011, the Court granted the motion[6] and sentenced Defendant as follows: for Burglary Second Degree, IN11-01-1065 ("First Burglary"), 8 years at Level V; for Burglary Second Degree, IN11-01-1068 ("Second Burglary"), 6 years at Level V, suspended after 3 years for decreasing levels of supervision.[7]

(3) Since sentencing, the Defendant has filed numerous *pro se* motions,[8] all of which the Court has denied.[9]

(4) Defendant filed the instant Rule 35(a) Motion on September 15, 2022.[10] He claims his enhanced sentence as a habitual offender is illegal because the plea

---

[3] *Id.*
[4] *Id.*
[5] D.I. 27. The State's Motion to Declare Andre Grinnage a Habitual Offender was supported by proof of Defendant's three prior felony convictions, which qualified Defendant for habitual offender status under 11 *Del. C.* § 4214(a) (2011). *Id.*
[6] D.I. 29.
[7] D.I. 30. Because Defendant was declared a habitual offender, the first count of Second Degree Burglary has a mandatory 8-year term of incarceration. *See* 11 *Del. C.* § 4214(a) (2011); 11 *Del. C.* § 4205(b)(4); 11 *Del. C.* § 825(a).
[8] D.I. 31; D.I. 33; D.I. 35.
[9] D.I. 32; D.I. 34; D.I. 36.
[10] D.I. 38.

agreements from the predicate convictions underlying his habitual offender status were defective.[11] Specifically, Defendant contends that the plea agreements violated his constitutional right to Due Process because they failed to advise him that he was waiving the right to appeal *with the assistance of counsel*.[12] Defendant argues that there is no record he was advised of that right, which he says is "the determining factor" in the decision to plead guilty.[13] He alleges that because he did not intentionally relinquish that right, the plea agreements from the predicate convictions were defective.[14] Because of this, Defendant reasons, his enhanced sentence as a habitual offender is illegal.

(5)     Under Superior Court Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[15] Rule 35(a) serves a "narrow function" that is limited to correcting illegal sentences.[16] It is not a mechanism for re-examining errors occurring in other proceedings.[17]

(6)     The nature of Defendant's claim, which attacks the validity of plea

---

[11] *Id.* Defendant states that "[t]he plea forms used at the time of all [p]lea [a]greements in question illustrate a defect that disqualifies their use in [h]abitual [o]ffender pr[o]ceedings." *Id.*

[12] *Id.* Defendant states that plea agreements used prior to April 9, 2008 did not advise defendants that by pleading guilty, they were waiving the right to appeal with assistance of counsel. *Id.* Defendant's motion focuses on the "assistance of counsel" language, however the prior plea agreements correctly advised defendants that by pleading guilty, they were waiving their right to appeal.

[13] *Id.*

[14] *Id.* (citing *McCarthy v. U.S.*, 394 U.S. 459, 466 (1969)).

[15] Super. Ct. Crim. R. 35(a).

[16] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).

[17] *Id.*

agreements from prior felony convictions, would require the Court to examine other proceedings. Because this is outside the narrow function of Rule 35(a), Defendant's claim fails. Even if the Court could reexamine the plea agreements underlying the predicate convictions, the claim would fail because those plea agreements expressly state that by pleading guilty, defendants waive their right to appeal.

(7) Furthermore, to the extent Defendant claims that the plea agreement he entered into on July 25, 2011 (the agreement relevant to this case) violated Due Process, that claim is without merit. Defendant was advised that by pleading guilty he was waiving his right to appeal with the assistance of counsel. This is expressly stated on the Truth-in-Sentencing Guilty Plea Form, and was stated in the plea colloquy.[18] Defendant waived that right, pled guilty, and was subsequently properly sentenced as a habitual offender.[19] Defendant's sentence is not illegal.

**NOW THEREFORE**, for the foregoing reasons, Defendant's Rule 35(a) Motion for Correction of an Illegal Sentence is **DENIED.**

/s/ Jan R. Jurden
Jan. R. Jurden, President Judge

Original to Prothonotary

cc:   Joseph Grubb, DAG
      Andre N. Grinnage (SBI # 00239576)

---

[18] D.I. 25.
[19] D.I. 25; D.I. 30.

4